UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

TAMMY Y. GRUBB, )
    Plaintiff )
)
v. ) 1:12-cv-322
) MATTICE/CARTER
CAROLYN W. COLVIN, )
  Commissioner of Social Security )
    Defendant )

REPORT AND RECOMMENDATION

I. Introduction

Defendant's motion to dismiss or in the alternative, for summary judgment (Doc. 4), is before the undersigned having been referred by the District Court for a report and recommendation pursuant to 28 U.S.C. §636(b) and Fed. R. Civ. P. 72(b). Plaintiff has responded in opposition (Doc. 8), Plaintiff filed a supplemental brief (Doc. 10) to which the Commissioner has responded (Doc. 14) and Plaintiff has filed a response to that filing (Doc. 15).

For reasons that follow, I RECOMMEND the Commissioner's motion to dismiss or for summary judgment be DENIED.

II. Discussion

The Commissioner moves to dismiss or for summary judgment on the basis that Plaintiff's complaint was filed one day late. The Plaintiff does not dispute that but asks that equitable tolling be applied, that the complaint be considered timely, and the case be allowed to go forward.

Plaintiff seeks equitable tolling of the sixty-day period proscribed by 42 USC §405(g) and asserts tolling is the appropriate remedy based on the facts and circumstances of this case. Plaintiff can avoid dismissal only if he establishes exceptional circumstances and the burden is on him to do so.

1

The standard is set out in *Kellum v. Commissioner of Social Security,* 295 Fed. Appx. 47, 2008 WL 4428413 (C.A.6 (Tenn)) as follows:

> ...he can avoid dismissal only if he establishes exceptional circumstances warranting equitable tolling, a point on which Kellum bears the burden. *See Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002) (party seeking equitable tolling bears the burden of establishing his entitlement; in the habeas context but collecting cases in other contexts); *see also Jackson v. Astrue*, 506 F.3d 1349, 1353 (11th Cir. 2007) ("in the context of § 405(g), the '[p]laintiff bears the burden of establishing the exceptional circumstances that warrant equitable tolling.' " (quoting *Davila v. Barnhart*, 225 F.Supp.2d 337, 339 (S.D.N.Y.2002))); *Cardyn v. Comm'r of Soc. Sec.*, 66 Fed.Appx. 394 397 (3d.Cir.2003) (In the context of tolling § 405(g), "[i]t is the plaintiff who bears the burden of establishing the equitable tolling exception."). This is a high hurdle to clear, as "federal courts sparingly bestow equitable tolling." *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir.2000). When determining whether equitable tolling should apply we consider the following factors: "(1) the petitioner's lack of [actual] notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement' (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim." *Cook*, 480 F.3d at 437.

The U.S. Supreme Court held that the sixty day requirement of 42 USC § 405(g) is not jurisdictional, but is rather a statute of limitations. *Mathews v. Eldridge*, 424 US 328 (1976). Furthermore, in *Honda v Clark*, the U.S. Supreme Court held that the principle of equitable tolling may be applied where it is aptly suited to the facts of the case, and is not eschewed by Congress to preserve a cause of action. 386 US 484(1967). In *Bowen v. City of New York*, the U.S. Supreme Court found that equitable tolling of the sixty day period proscribed by the statue is appropriate where it can be shown that doing so would not undermine congressional intent; and where the facts establish that applying such principle is appropriate. 476 US 467 (1986). Accordingly, this court may consider the application of said principle so long as these two requirements are satisfied.

In *Bowen*, the court found that 42 USC § 405(g) was "designed to be 'unusually protective' of claimants."  See *Heckler v. Day*, 467 US at 106. The court further noted that the

2

statute allows for the Secretary to toll the sixty day period, inferring that the extension or tolling of said deadline is permissible. *Id*. The court recognizes that while such determinations for tolling the sixty day period will be made by the Secretary in many cases; there are situations that "may arise where the equities in favor of tolling the limitations period are 'so great that deference to the agency's judgment is inappropriate.'" See *Eldridge*, 424 US at 330.

As Plaintiff argues, equitable tolling of the period of limitations in 42 US § 405(g) does not undermine the intent of Congress given that (a), the statute is "unusually protective of claimant;" and (b) contains a provision that allows the Secretary to toll the period of limitations where he or she deems appropriate. In this case Plaintiff filed her initial application for Social Security benefits on October 27, 2009. Plaintiff pursued administrative appeal of said decision, and a hearing on the issue of her ongoing disability was ultimately held on May 3, 2011 before an Administrative Law Judge (ALJ). On May 10, 2011, the ALJ issued an unfavorable decision. Plaintiff timely requested review of this decision by the Appeals Council, and, the Appeals Council denied review on July 23, 2012. This matter has been pending, and the Plaintiff has asserted her disability since October 1999. Plaintiff has complied with all rules and regulations in pursing this matter by timely filing and exhausting her administrative remedies over the last three years. Her Complaint was filed less than twenty-four hours beyond the period of limitations.

(Doc. 8, Plaintiff's Response Memorandum at pp 64-66).

In Plaintiff's supplemental brief, she cites a district court case, *Young v. Commissioner,* 2011 WL 4067520 (2011) whose facts are quite similar to this case. In *Young* the complaint was filed two days after the expiration of the sixty-day statute of limitations. In the *Young* case the request for an extension of time to file included the following recitation of facts that formed the basis of the request for extension. In her Request, *Young's* counsel

states that her practice experienced an "unusually trying set of circumstances in addition to the routine daily business of administrative Social Security hearings and client appointments" during the month of December 2011. (*Id*. at 3). *Young's* counsel elaborates:

> Specifically, throughout the month of December, Counsel was in the midst of a very protracted and stressful situation with one of her partners which ultimately led to the resignation of said partner in February 2011. Additionally, of one of the two administrative assistants in Counsel's office unexpectedly resigned, which led to more stress on staff and attorneys. Counsel was able to replace this assistant fairly quickly, but had to facilitate the training of her replacement. What is more, Counsel's office was in the process of changing and upgrading its case management software, which led to several adjustments in office policy as well as lengthy training sessions for staff and attorneys. These additional pressures and responsibilities added to the everyday responsibilities of Counsel in servicing her clients." (*Id*.).

*Young's* counsel states in her Request that the above circumstances and a miscalculation of time by her office led to the late filing of the civil action. (*Id*. at 3).

(Doc. 10, Plaintiff's Supplemental Brief at p 75).

In spite of those facts, the United States Magistrate Judge in *Young* recommended the granting of the motion to dismiss. However, the District Court found that equitable tolling was appropriate. In the Memorandum Opinion and Order, the court states that the statute of limitations may be tolled when equity so requires. (*Young*, citing *Bowen* at 474). Illness, accident, destruction of records, mistake, or a claimant's misunderstanding of the appeals process are circumstances under which the statute of limitations may be equitably tolled. (*Young*, citing *Bowen* at Note 12). The court also notes the Sixth Circuit's use of the five-factor analysis in determining whether equitable tolling is appropriate, stating "(1) the petitioner's lack of [actual] notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining

4

ignorant of the legal requirement for filing his claim. The court evaluated the *Young* case pursuant to these factors and found the following:

> The Court's review of this case reveals Plaintiff's diligence in pursuing his rights thus far, Plaintiff has requested the Appeals Council grant him a two-day extension of the 60 day statute of limitations period, explaining circumstances in the law office of Plaintiff's Counsel which resulted in the late filing. The Court has no indication that the Appeals Counsel has responded to Plaintiff's request. While the circumstances may not be extraordinary, given the resulting prejudice to Plaintiff if the case is dismissed; the fact that Counsel's error appears to be innocent; and, the fact that the Commissioner will not be prejudiced by the tolling of the statute of limitations, equitable tolling is appropriate. (Ex. 1, pg 2)

After evaluating the *Cook* factor, the court found that equitable tolling was appropriate based on the plaintiff's diligence in pursuing his rights and explaining the circumstances in the law office to the Appeals Counsel and the fact that the Commissioner will not be prejudiced by the tolling of the statute of limitations. Therefore, the court declined to adopt the recommendation of the Magistrate Judge, denied Defendant's Motion to Dismiss Plaintiff's Untimely Complaint and returned the matter to the Magistrate Judge so that it could proceed on the merits."

(Doc. 10, Plaintiff's Supplemental Brief at pp 76-77).

In the Commissioner's Response (Doc. 14) she correctly notes that the *Young* case has no binding effect and also points out that the Appeals council has denied Plaintiff's request for extension. I recognize the argument, but I conclude that the right thing to happen in this case is to allow it to go forward and find equitable tolling.

The facts upon which I reach this conclusion are set out in detail in Plaintiff's supplemental brief (Doc. 10) and for ease of reference, I will set them out as presented:

"In the instant case, the facts mirror those of *Young*. Plaintiff filed the civil action one day after the 60 day period expired. On Monday of the week the civil action was filed, Carson Royal, an associate at Harriss & Hartman Law Firm, received a phone call from his wife,

pregnant with twins, who was leaving a routine checkup with her obstetrician. The doctor had informed her that she was 9 cm dilated and insisted she immediately check into the hospital. Mr. Royal left from lunch to accompany his pregnant wife to Erlanger Hospital. Due to the time constraints, Mr. Royal was unable to properly prepare his practice and the other attorneys and staff of Harriss & Hartman Law Firm for his absence. Mr. Royal's absence was especially stressful for those involved in the Social Security practice. Mr. Royal did not return to the office until the following Monday, after the civil action had been filed. Mr. Royal's unexpected absence created an unusually trying set of circumstances in addition to the routing daily business of administrative Social Security hearings and client appointments.

Also like *Young*, once the U.S. Attorney filed the Motion to Dismiss, Plaintiff timely responded to the motion. Furthermore, Plaintiff sought an extension of time on the 60 day deadline from the Appeals Council by way of an email through the U.S. Attorney's office informing them of the circumstances surrounding the late filing and asking that an extension be granted. While the Appeals Council ultimately denied this request, Plaintiff exercised diligence in pursuing her rights, the third factor provided in *Cook*.

Finally, exactly like *Young*, the Commissioner will not be prejudiced by a finding of equitable tolling. However, failing to grant such relief in the case *sub judice* would result in great prejudice to Plaintiff. Therefore, the fourth *Cook* factor supports the finding that equitable tolling is appropriate.

(Doc. 10, Plaintiff's Supplemental Brief at pp 77-78).

For all of the reasons presented, I conclude that equitable tolling should be found on these facts.

6

Case 1:12-cv-00322-HSM-WBC   Document 16   Filed 02/19/14   Page 6 of 7   PageID #: 120

### III. Conclusion

Accordingly, I RECOMMEND defendant's motion to dismiss or for summary judgment be DENIED.[1]

S/*William B. Mitchell Carter*
UNITED STATES MAGISTRATE JUDGE

---

[1]Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 88 L.Ed.2d 435, 106 S.Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).